IN THE UNITED STATES DISTRICT COURT
WESTERN DIVISION NEW YORK

| | |
|---|---|
| ELLEN JONES, on Behalf of Herself and All Others Similarly Situated<br>3778 West County Road 400 North<br>Middletown, IN 47356<br><br>and<br><br>DANNY RISENER, on Behalf of Himself and All Others Similarly Situated<br>14566 North Rosebud Trail #86<br>Buchanan, MI 49107<br><br>and<br><br>DAVID SPLESE, on Behalf of Himself and All Others Similarly Situated<br>814 Lions Park Drive<br>St. Joseph, MI 49085<br><br>and<br><br>TINA OTTO, on Behalf of Herself and All Others Similarly Situated<br>102 Sunnyside Trailer Court<br>Jamestown, ND 58401-2389<br><br>and<br><br>JENESSA DOXSTADERO, on Behalf of Herself and All Others Similarly Situated<br>146 Massabesic Street, Apt. 2<br>Manchester, NH 03103<br><br>and<br><br>JAMES K. CROWL, on Behalf of Himself and All Others Similarly Situated<br>P.O. Box 8601<br>Mansfield, OH 44906<br><br>and<br><br>GABRIEL L. WILLIAMS, on Behalf of Himself and All Others Similarly Situated<br>67 East Maplewood Avenue<br>Dayton, OH 45405<br><br>and<br><br>JENALEE TRAY, on Behalf of Herself and All Others Similarly Situated<br>1851 Chellis Street, Apt. 2,<br>Pittsburgh, PA 15212<br><br>and | CASE NO.<br><br>JUDGE<br><br><br>**COMPLAINT – CLASS ACTION**<br><br>***[Trial By Jury Is Hereby Requested]*** |

LEE BUCHANAN, on Behalf of Himself and All )
Others Similarly Situated )
235 Brody Drive, NE )
Resaca, GA  30735 )
)
    and )
)
GLORIA HARPER, on Behalf of Herself and All )
Others Similarly Situated )
1803 Johnny Street )
Chattanooga, TN  37406 )
)
    and )
)
WADE NABORS, on Behalf of Himself and All )
Others Similarly Situated )
500 Cumberland Avenue, Apt. C8 )
Jasper, TN 37347 )
)
    and )
)
CHARLES PALMER, on Behalf of Himself and All )
Others Similarly Situated )
2324 Keller Bend Road )
Knoxville, TN  37922 )
)
    and )
)
ROBY PHILLIPS, on Behalf of Himself and All )
Others Similarly Situated )
138D Durwood Road )
Knoxville, TN )
)
    and )
)
KATHRYN WELLMAN, on Behalf of Herself and )
All Others Similarly Situated )
7 Solar Lane )
Harts, WV  25524 )
)
                Plaintiffs, )
)
    vs. )
)
ALLCARE DENTAL MANAGEMENT, L.L.C. )
P.O. Box 316 )
Williamsville, NY 14231 )
-and- )
8205 Main Street, Suite 8 )
Williamsville, NY 14221 )
)
    and )
)
ROBERT BATES, D.D.S. )
P.O. Box 316 )
Williamsville, NY  14231 )
)
    and )

ALLCARE DENTAL & DENTURES OF IN, P.C.                            )
433 West Colisem Boulevard                                       )
Fort Wayne, IN 46805                                             )
c/o NATIONAL CORPORATE                                           )
RESEARCH L.T.D., Statutory Agent                                 )
5217 Palisade Court                                              )
Indianapolis, IN  46237                                          )
                                                                 )
          and                                                    )
                                                                 )
ALLCARE DENTAL & DENTURES                                        )
OF MI, P.C.                                                      )
c/o NATIONAL CORPORATE RESEARCH L.T.D.,                          )
Statutory Agent                                                  )
712 Abbot Road                                                   )
East Lansing, MI 48823                                           )
                                                                 )
          and                                                    )
                                                                 )
ALLCARE DENTAL & DENTURES                                        )
OF NH, P.C.                                                      )
2 Cellu Drive, Suite 107                                         )
Nashua, NH 03063                                                 )
c/o NATIONAL CORPORATE                                           )
RESEARCH L.T.D., Statutory Agent                                 )
63 Pleasant Street                                               )
Concord, NH 03301                                                )
                                                                 )
          and                                                    )
                                                                 )
ALLCARE DENTAL & DENTURES OF ND, P.C.                            )
400 East Broadway Avenue, Suite 102                              )
Bismarck, ND 58501                                               )
c/o NATIONAL CORPORATE                                           )
RESEARCH L.T.D., Statutory Agent                                 )
1501 North 12th Street, Suite 1                                  )
Bismarck, ND 58501                                               )
                                                                 )
          and                                                    )
                                                                 )
ALLCARE DENTAL & DENTURES INC.OF OHIO                            )
– BATES                                                          )
c/o NATIONAL CORPORATE                                           )
RESEARCH L.T.D., Statutory Agent                                 )
4568 Mayfield Road, Suite 213                                    )
Cleveland, OH 44121                                              )
                                                                 )
          and                                                    )
                                                                 )
                                                                 )

3

ALLCARE DENTAL & DENTURES          )
7060 Peach Street                  )
Erie, PA 16509                     )
c/o NATIONAL CORPORATE             )
RESEARCH L.T.D., Statutory Agent   )
600 North 2nd Street               )
Harrisburg, PA 17101               )
                                   )
        and                        )
                                   )
ALLCARE DENTAL & DENTURES, P.C.    )
c/o NATIONAL CORPORATE             )
RESEARCH L.T.D., Statutory Agent   )
600 North 2nd Street               )
Harrisburg, PA 17101               )
                                   )
        and                        )
                                   )
ALLCARE DENTAL & DENTURES OF       )
TN, P.C.                           )
7811 Kingston Pike                 )
Knoxville, TN 37919                )
c/o NATIONAL CORPORATE             )
RESEARCH L.T.D., Statutory Agent   )
992 Davidson Drive, Suite B        )
Nashville, TN 37205                )
                                   )
        and                        )
                                   )
ALLCARE DENTAL (Operating in West Virginia)  )
c/o NATIONAL CORPORATE RESEARCH LTD.,        )
Statutory Agent                    )
1627 Quarrier Street East          )
Charleston, WV 25311-2124          )
                                   )
            Defendants             )
_____    )
                                   )

Plaintiffs Ellen Jones, Danny Risener, David Splese, Tina Otto, Jenessa Doxstadero, James K. Crowl, Gabriel L. Williams, Jenalee Tray, Lee Buchanan, Gloria Harper, Wade Nabors, Charles Palmer, Roby Phillips, and Kathryn Wellman ("Plaintiffs"), by and through counsel, bring this Class Action on Behalf of themselves individually, and on behalf of all others similarly situated against the above-captioned Defendants, and allege and aver as follows:

## INTRODUCTION

1.      Plaintiffs bring this Class Action individually and on behalf of the Classes defined herein, against ALLCARE DENTAL MANAGEMENT, L.L.C.; ALLCARE DENTAL & DENTURES OF IN, P.C.; ALLCARE DENTAL & DENTURES OF MI, P.C.; ALLCARE DENTAL & DENTURES OF NH, P.C.; ALLCARE DENTAL & DENTURES OF ND, P.C.; ALLCARE DENTAL & DENTURES INC. OF OHIO – BATES; ALLCARE DENTAL & DENTURES (PA); ALLCARE DENTAL & DENTURES, P.C. (PA); ALLCARE DENTAL & DENTURES OF TN, P.C.; ALLCARE DENTAL (operating in West Virginia); (collectively, "Allcare"), and ROBERT BATES, D.D.S. (together with Allcare, "Defendants") to obtain relief, including, among other things, damages and injunctive relief.

2.      This action is brought to remedy violations of law in connection with Defendants' demand and acceptance of consumer patients' payments for dental services, products, and/or warranties that Defendants' have not provided and have refused to provide, and for Defendants' wrongful retention of such payments and/or equipment.

3.      Plaintiffs assert claims for breach of contract, conversion, unjust enrichment, and unlawful sales and advertising.

## PARTIES

4.      At all times relevant, Plaintiff Ellen Jones was and is a citizen of the state of Indiana.

5.      At all times relevant, Plaintiff Danny Risener was and is a citizen of the state of Michigan.

6.      At all times relevant, Plaintiff David Splese was and is a citizen of the state of Michigan.

7.      At all times relevant, Plaintiff Tina Otto was and is a citizen of the state of North Dakota.

8.     At all times relevant, Plaintiff Jenessa Doxstadero was and is a citizen of the state of New Hampshire.

9.     At all times relevant, Plaintiff James K. Crowl was and is a citizen of the state of Ohio.

10.     At all times relevant, Plaintiff Gabriel L. Williams was and is a citizen of the state of Ohio.

11.     At all times relevant, Plaintiff Jenalee Tray was and is a citizen of the state of Pennsylvania.

12.     At all times relevant, Plaintiff Lee Buchanan was and is a citizen of the state of Georgia who was a patient of the Chattanooga, Tennessee Allcare Dental.

13.     At all times relevant, Plaintiff Gloria Harpe was and is a citizen of the state of Tennessee.

14.     At all times relevant, Plaintiff Wade Nabors was and is a citizen of the state of Tennessee.

15.     At all times relevant, Plaintiff Charles Palmer was and is a citizen of the state of Tennessee.

16.     At all times relevant, Plaintiff Roby Phillips was and is a citizen of the state of Tennessee.

17.     At all times relevant, Plaintiff Kathryn Wellman was and is a citizen of the state of West Virginia.

18.     At all times relevant, Defendant Allcare Dental Management, L.L.C. was and is a Pennsylvania corporation with its principal place of business in Williamsville, New York.   On information and belief, Defendant Allcare Dental Management, L.L.C. provided dental services, products, and/or warranties, at several locations throughout the country, including New York, Illinois, Indiana, Iowa, Massachusetts, Michigan, Minnesota, Nebraska, New Hampshire, North

Dakota, Ohio, Pennsylvania, Tennessee, Wisconsin, and West Virginia.  At all times relevant, Defendant Allcare Dental Management, L.L.C. transacted business in the state of New York within this District and/or contracted to supply services and/or goods in the state of New York within this District and/or regularly solicited business in the state of New York within the District of New York and/or engaged in other persistent courses of action or derived substantial revenue from goods used and/or services rendered in the state of New York within this District.

19.    On information and belief, at all times relevant, Defendant Robert Bates, D.D.S. was and is the President, Chairman, Chief Executive Officer and/or owner of Allcare residing in the state of New York.

20.    At all times relevant, Defendant ALLCARE DENTAL & DENTURES OF IN, P.C., was and is an Indiana corporation providing dental services, products, and/or warranties, at several locations located throughout the state with its headquarters, principal place of business, or substantial contacts in or with Williamsville, New York, in this District.  On information and belief, at all times relevant, this Defendant transacted business in the state of New York within this District and/or contracted to supply services and/or goods in the state of New York within this District and/or regularly solicited business in the state of New York within this District and/or engaged in other persistent courses of action or derived substantial revenue from goods used and/or services rendered in the state of New York within this District.

21.    At all times relevant, Defendant ALLCARE DENTAL & DENTURES OF MI, P.C., was and is a Michigan corporation providing dental services, products, and/or warranties, at several locations located throughout the state with its headquarters, principal place of business, or substantial contacts in or with Williamsville, New York, in this District.  On information and belief, at all times relevant, this Defendant transacted business in the state of New York within this District and/or contracted to supply services and/or goods in the state of New York within this District and/or regularly solicited business in the state of New York within this District and/or

engaged in other persistent courses of action or derived substantial revenue from goods used and/or services rendered in the state of New York within this District.

22.     At all times relevant, Defendant ALLCARE DENTAL & DENTURES OF NH, P.C., was and is a New Hampshire corporation providing dental services, products, and/or warranties, at several locations located throughout the state with its headquarters, principal place of business, or substantial contacts in or with Williamsville, New York, in this District.   On information and belief, at all times relevant, this Defendant transacted business in the state of New York within this District and/or contracted to supply services and/or goods in the state of New York within this District and/or regularly solicited business in the state of New York within this District and/or engaged in other persistent courses of action or derived substantial revenue from goods used and/or services rendered in the state of New York within this District.

23.     At all times relevant, Defendant ALLCARE DENTAL & DENTURES OF ND, P.C., was and is a North Dakota corporation providing dental services, products, and/or warranties, at several locations located throughout the state with its headquarters, principal place of business, or substantial contacts in or with Williamsville, New York, in this District.   On information and belief, at all times relevant, this Defendant transacted business in the state of New York within this District and/or contracted to supply services and/or goods in the state of New York within this District and/or regularly solicited business in the state of New York within this District and/or engaged in other persistent courses of action or derived substantial revenue from goods used and/or services rendered in the state of New York within this District.

24.     At all times relevant, Defendant ALLCARE DENTAL & DENTURES OF OHIO – BATES, was and is an Ohio corporation providing dental services, products, and/or warranties, at several locations located throughout the state with its headquarters, principal place of business, or substantial contacts in or with Williamsville, New York, in this District.   On information and belief, at all times relevant, this Defendant transacted business in the state of New York within this District and/or contracted to supply services and/or goods in the state of

8

New York within this District and/or regularly solicited business in the state of New York within this District and/or engaged in other persistent courses of action or derived substantial revenue from goods used and/or services rendered in the state of New York within this District.

25.     At all times relevant, Defendant ALLCARE DENTAL & DENTURES (Pennsylvania), was and is a Pennsylvania corporation providing dental services, products, and/or warranties, at several locations located throughout the state with its headquarters, principal place of business, or substantial contacts in or with Williamsville, New York, in this District.  On information and belief, at all times relevant, this Defendant transacted business in the state of New York within this District and/or contracted to supply services and/or goods in the state of New York within this District and/or regularly solicited business in the state of New York within this District and/or engaged in other persistent courses of action or derived substantial revenue from goods used and/or services rendered in the state of New York within this District.

26.     At all times relevant, Defendant ALLCARE DENTAL & DENTURES, P.C. (Pennsylvania), was and is a Pennsylvania corporation providing dental services, products, and/or warranties, at several locations located throughout the state with its headquarters, principal place of business, or substantial contacts in or with Williamsville, New York, in this District.  On information and belief, at all times relevant, this Defendant transacted business in the state of New York within this District and/or contracted to supply services and/or goods in the state of New York within this District and/or regularly solicited business in the state of New York within this District and/or engaged in other persistent courses of action or derived substantial revenue from goods used and/or services rendered in the state of New York within this District.

27.     At all times relevant, Defendant ALLCARE DENTAL & DENTURES OF TN, P.C., was and is a Tennessee corporation providing dental services, products, and/or warranties, at several locations located throughout the state with its headquarters, principal place of business,

or substantial contacts in or with Williamsville, New York, in this District.  On information and belief, at all times relevant, this Defendant transacted business in the state of New York within this District and/or contracted to supply services and/or goods in the state of New York within this District and/or regularly solicited business in the state of New York within this District and/or engaged in other persistent courses of action or derived substantial revenue from goods used and/or services rendered in the state of New York within this District.

28.     At all times relevant, Defendant ALLCARE DENTAL (operating in West Virginia), was and is a West Virginia corporation providing dental services, products, and/or warranties, at several locations located throughout the state with its headquarters, principal place of business, or substantial contacts in or with Williamsville, New York, in this District.  On information and belief, at all times relevant, this Defendant transacted business in the state of New York within this District and/or contracted to supply services and/or goods in the state of New York within this District and/or regularly solicited business in the state of New York within this District and/or engaged in other persistent courses of action or derived substantial revenue from goods used and/or services rendered in the state of New York within this District.

**JURISDICTION AND VENUE**

29.     This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), because, on information and belief, the amount in controversy exceeds $5,000,000.00, exclusive of interests and costs, and this is a class action in which at least one of the Plaintiffs' citizenship is diverse from at least one of the Defendants' citizenship.

30.     Venue is proper in this judicial district under 28 U.S.C. § 1391, because at least one of the Defendants is domiciled in the Western District of New York and at all times relevant, Defendants did substantial business throughout this District and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District, and because Defendants are authorized to conduct business in this District and have intentionally availed themselves of

the laws and markets within this District through the promotion, advertising, and selling of its products and services, including those that form the basis of this Complaint, throughout this judicial District.

## FACTS COMMON TO ALL CAUSES OF ACTION

31.     At all times relevant, held itself out to the public as a reputable, national provider of low-cost dental services and equipment.

32.     At all times relevant, Allcare provided dental services, equipment and warranties at Allcare's several locations in New York, Illinois, Indiana, Iowa, Massachusetts, Michigan, Nebraska, New Hampshire, North Dakota, Ohio, Pennsylvania, Tennessee, Wisconsin, and West Virginia.

33.     Plaintiffs and the Putative Class Members entered into contractual arrangements and/or agreements whereby Plaintiffs and the Putative Class Members made payments, ranging from hundreds to thousands of dollars, to Allcare for specific dental services, equipment and warranties set forth in individualized Treatment Plans.  Allcare often warranted such products and included the necessary follow up care and treatment as part of the package costs.

34.     Allcare demanded, accepted, and retained payments for specific dental services, products, and/or warranties from Plaintiffs and the Putative Class Members.

35.     On information and belief, Defendants continued to demand, accept, and retain payments from Plaintiffs and the Putative Class Members for future services and/or equipment, despite knowing that Allcare would not render those services and/or equipment.

36.     In or about late-December 2010, and early January 2011, Defendants, unilaterally and without notice or explanation to Plaintiffs or the Putative Class Members, closed each and every one of Allcare's locations throughout the country.

37.     By letter via a website, Defendants directed Allcare customers seeking dental services to locate another dentist at the customer's expense.

38.     Defendants have refused and continue to refuse to provide Plaintiffs and the Putative Class Members with the services and/or equipment for which Plaintiffs and the Putative Class Members paid.

39.     Defendants have refused and continue to refuse to provide warranty transfers or otherwise compensate Plaintiffs and the Putative Class Members for the necessary follow-up care and treatment included as part of the Plaintiffs and the Putative Class Members' treatment plans.

## CLASS ALLEGATIONS

40.     Plaintiffs bring this action on behalf of themselves individually and on behalf of all others similarly situated, pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3).Plaintiffs seeks certification of the Classes defined herein under Federal Civil Rules 23(b)(2) and 23(b)(3).

41.     Plaintiffs seek to represent the following Class:  All persons in the United States who have made payments to Allcare for dental services, products, and/or warranties that have not been rendered or provided ("National Class").

42.     Plaintiffs Ellen Jones, Danny Risener, David Splese, Tina Otto, Jenessa Doxstadero, Jenalee Tray, and Kathryn Wellman (the "State-Law Sub-Class Plaintiffs") also seek to represent the following Sub-Class:  All persons who have made payments to Allcare for dental services, products, and/or warranties that have not been rendered or provided, and who are entitled under state law to pursue consumer-protection actions ("State-Law Sub-Class"). State-Law Sub-Class Plaintiffs herein allege an Amalgamated Consumer-Protection cause of action for Unlawful and Deceptive Sales Practices incorporating the underlying principles of such state-law claims.  Alternatively, should the Court not accept the amalgamated state-law consumer-protection cause of action, Plaintiffs would seek to represent a separate sub-class for each state included in the amalgamated state-law consumer-protection cause of action.

43.    Subject to additional information obtained through further investigation and discovery, the foregoing definitions of the National Class and State-Law Sub-Classmay be expanded or narrowed by amendment or amended complaint. Specifically excluded from the proposed Classes is Allcare, Defendant Bates, Allcare officers, directors, agents, trustees, affiliates, trusts, representatives, employees, principals, servants, partners, joint venturers, or entities controlled by it, and its heirs, successors, or other persons or entities related to or affiliated with Defendants and/or their officers and/or directors, or any of them, any Judge assigned to this action, and any member of the Judge's immediate family.

44.    **Numerosity/Impracticability of Joinder:**   The members of the Classes are so numerous that joinder of all members would be impracticable.   The proposed Classes include hundreds of members.    The precise numbers of members can be ascertained through discovery, which will include Allcare's sales, service, and other records.

45.    **Commonality and Predominance:**   There are common questions of law and fact that predominate over any questions affecting individual members of the Classes.   The common legal and factual questions, include, but are not limited to, the following:

a.    Whether Allcare breached its contracts and/or agreements to provide dental services, products, and/or warranties by demanding and collecting advance payments and thereafter refusing to provide services and/or equipment for which Plaintiffs and the Putative Class Members' paid;

b.    Whether Defendants have been unjustly enriched by accepting and retaining payments for services and/or equipment that they have not provided;

c.    Whether Allcare materially misrepresented its ability to provide the services and/or equipment for which it demanded prepayment by

13

omitting and concealing material facts from its communications and disclosures to customers;

d.      Whether Allcare has engaged in unfair and deceptive methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in connection with the sale of its services and/or equipment;

e.      Whether Defendants have wrongfully exercised dominion over property to the exclusion of the rights of the owners by accepting payment for services and/or equipment and thereafter refusing to provide the services and/or equipment or return the payments;

f.      Whether Defendant Robert Bates abused the privilege of doing business in the corporate form by his failure to adhere to corporate formalities, inadequate capitalization, commingling of assets, and/or use of corporate funds for personal use;

g.      Whether as a result of Defendants' conduct, Plaintiffs and the Putative Class Members have suffered damages; and if so, the appropriate amount thereof; and

h.      Whether as a result of Defendants' alleged misconduct, Plaintiffs and the Putative Class Members are entitled to equitable relief and/or other relief, and if so, the nature of such relief.

46.     **Typicality**: The representative Plaintiffs' claims are typical of the claims of the members of the Classes. Plaintiffs and all Putative Class Members have been injured by the same practices of Defendants. Plaintiffs' claims arise from the same practices and course of conduct that give rise to the claims of the Putative Class Members and are based on the same legal theories.

47.     **Adequacy of Representation**:  Each Plaintiff is a representative who will fully and adequately assert and protect the interests of the respective Classes, and has retained class counsel who are experienced and qualified in litigating class actions.  Neither Plaintiffs nor Plaintiffs' attorneys have any interests contrary to or conflicting with the Class.

48.     **Superiority**:  A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of the Class members is economically unfeasible and procedurally impracticable.  While the aggregate damages sustained by the Classes are substantial, the individual damages incurred by each putative Class member are too small to warrant the expense of individual suits.  The likelihood of individual Class members prosecuting their own separate claims is remote, and even if every putative Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.  Further, individual Putative Class Members do not have a significant interest in individually controlling the prosecution of separate actions, and individual actions would also result in varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and the court system because of the multiple trials of the same factual and legal issues.  Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.  In addition, Defendants have acted or refused to act on grounds generally applicable to the Classes and, as such, final injunctive relief or corresponding declaratory relief with regard to the members of the Classes as a whole is appropriate.

49.     Plaintiffs do not anticipate any difficulty in the management of this litigation.

50.     Defendants have access to identifying information for the Class members, which may be used for the purpose of providing notice of the pendency of this action.

## FIRST CAUSE OF ACTION

### (Breach of Contract—National Class)

51.     Plaintiffs incorporate by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

52.     Plaintiffs assert this cause of action on behalf of Plaintiffs, individually, and on behalf of the Putative National-Class Members.

53.     Plaintiffs and the Putative National-Class Members entered into an express and/or implied agreement with Allcare, whereby the Plaintiffs and Putative National-Class Members agreed to make advance payments for specific dental services, products, and/or warranties pursuant to individualized Treatment Plans, and Allcare, in return, agreed to provide those specific dental services, products, and/or warranties.

54.     As consideration, Plaintiffs and the Putative National-Class Members made monetary payments to Allcare, in return for which Allcare was to provide dental services, products, and/or warranties.

55.     Plaintiffs and the Putative National-Class Members have performed or were performing all terms of the agreement by making payments as scheduled by the agreement.

56.     Allcare breached the agreement by unilaterally, and without notice or explanation to Plaintiffs or the Putative National-Class Members, closing its offices and thereby failing to provide the contracted for services and/or equipment.

57.     Further, in all contracts there is an implied covenant of good faith and fair dealing that no party will do anything that will have the effect of impairing, destroying, or injuring the rights of the other party to receive the benefits of their agreement.   As alleged herein, Defendants engaged in objectively unreasonable conduct and breached the covenant of good faith and fair dealing.

58.     As a direct and proximate result of Defendants' breach, Plaintiffs and the Putative National-Class Members have suffered damages in liquidated, discernible amounts.

## SECOND CAUSE OF ACTION

### (Conversion—National Class)

59.    Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of the Complaint as if fully set forth herein.

60.    Plaintiffs assert this cause of action on behalf of Plaintiffs, individually, and on behalf of the Putative National-Class Members.

61.    Defendants demanded, accepted, and retained funds, in the form of advance payments, from Plaintiffs and the Putative National-Class Members for dental services, products, and/or warranties with the intent of exercising dominion over and depriving them of possession of these funds and/or equipment.

62.    Without any legal right, Defendants continue to exercise dominion over funds paid by Plaintiffs and the Putative National-Class Members and to the equipment rightfully purchased by Plaintiffs and the Putative National-Class Members.

63.    The payments made by Plaintiffs and the Putative National-Class Members and/or equipment purchased by Plaintiffs and the Putative National-Class Members are specific and identifiable according to Allcare's own business records.

64.    Plaintiffs and the Putative National-Class Members have a property right to these funds and/or equipment.

65.    Plaintiffs and the Putative National-Class Members have demanded the return of their property through numerous channels, but Defendants have refused to return the Plaintiffs' and Putative National-Class Members' property or funds.

66.    Defendants are obligated as a matter of law to remit these unearned funds and/or equipment to Plaintiffs and the Putative National-Class Members.

67.    As a direct and proximate result of Defendants' continuing course of conduct, Plaintiffs and the Putative National-Class Members have sustained damages.

### THIRD CAUSE OF ACTION

### (Unjust Enrichment—National Class)

68.     Plaintiffs incorporate by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

69.     Plaintiffs assert this cause of action on behalf of Plaintiffs, individually, and on behalf of the Putative National-Class Members, to the extent that the breach of contract claim does not govern all of Plaintiffs' and the Putative National-Class Members' claims or there is any determination that the Plaintiffs and the Putative National-Class Members do not have standing to assert any contractual claims against Allcare because of any alleged absence of contractual privity or otherwise.

70.     Defendants have been unjustly enriched by the advance payments for dental services, products, and/or warranties made by Plaintiffs and the Putative National-Class Members.

71.     Plaintiffs and the Putative National-Class Members unknowingly conferred a benefit on Defendants of which Defendants had knowledge, since Defendants were aware of its impending nationwide closure of all locations, but failed to disclose this knowledge and misled the Plaintiffs and the Putative National-Class Members regarding the status of the payment and prospect of providing services and equipment while profiting from this deception.

72.     The Plaintiffs and the Putative National-Class Members were impoverished by providing these payments and not receiving the products and/or services.

73.     There is no justification for either the enrichment of Defendants or the impoverishment of the Plaintiffs and the Putative National-Class Members.

74.     The circumstances are such that it would be inequitable, unconscionable, and unjust to permit Defendants to retain the benefit of profits that they unfairly obtained from the Plaintiffs and the Putative National-Class Members.

75.     Plaintiff and the Putative National-Class Members, having been damaged by Defendants' misconduct, are entitled to restitution of, disgorgement of, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendants from their deceptive, misleading, and unlawful conduct.

## FOURTH CAUSE OF ACTION

### (Personal Liability—National Class)

76.     Plaintiffs incorporate by reference the allegations in all preceding paragraphs of this Complaint as though set forth fully herein.

77.     Plaintiffs assert this cause of action on behalf of Plaintiffs, individually, and on behalf of the Putative National-Class Members against Defendant Robert Bates.

78.     Defendant Robert Bates exercised complete dominion and control over Allcare.

79.     Defendant Robert Bates knowingly caused Allcare to continue accepting payments despite intending to prematurely close Allcare, thereby being unable to provide the paid-for dental services, products, and/or warranties.

80.     Upon information or belief, Defendant Robert Bates knowingly and fraudulently transferred assets and/or equipment prior to causing Allcare to close in order to extract personal benefit from the company for himself.

81.     Upon information or belief, Defendant Robert Bates abused the privilege of doing business in the corporate form by his failure to adhere to corporate formalities, inadequate capitalization, commingling of assets, and/or use of corporate funds for personal use, such that Defendant Robert Bates should be held personally liable for the acts alleged herein, along with Allcare.

82.     As a direct and proximate result of Defendant Robert Bates' acts, Plaintiffs and Putative National-Class Members have suffered an ascertainable loss of money and/or property.

## FIFTH CAUSE OF ACTION

### (Amalgamated Consumer-Protection Claim for
### Unlawful and Deceptive Sales Practices—State-Law Sub Class)

83.     The State-Law Sub-Class Plaintiffs incorporate by reference the allegations in all preceding paragraphs of this Complaint as though set forth fully herein.

84.     The State-Law Sub-Class Plaintiffs assert this cause of action on behalf of themselves individually and on behalf of the Putative State-Law Sub-Class Members.

85.     The following states statutes are all so similar that the State-Law Sub-Class Plaintiffs and the Putative State-Law Sub-Class Members seek relief thereunder in a single cause of action:

        a.     Indiana Consumer Sales Practices Act, IC-24-5-0.5-1 *et seq.* ("IDCPA");

        b.     Michigan Consumer Protection Act, MCL 445.901 *et seq.* ("MCPA");

        c.     New Hampshire Regulation of Business Practices for Consumer Protection, N.H. Rev. Stat. Ann. 358-A;

        d.     North Dakota Consumer Fraud Act, N.D.C.C. § 51-15-01 *et seq.*("NDCFA");

        e.     Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-9.2, *et seq.*; and

        f.     West Virginia Consumer Credit and Protection Act, W. Va. Code § 46A-1-101 *et seq.* ("WVCCPA").

86.     Specifically, each of the foregoing statutes require the following common elements:

      a.    The Plaintiff is a "person" or "consumer," not a business;

      b.    The Defendant engaged in trade, sales, advertising, or commerce of "merchandise" and/or "services" and/or "consumer products or services," or was a "supplier" engaged in a consumer transaction;

      c.    Defendant engaged in unfair, unconscionable methods, acts or practices, deceptive acts, or misrepresentation; and

      d.    Such practices directly and proximately cause the Plaintiff(s) ascertainable loss of money, property, or other injury.

87.     At all times relevant, the State-Law Sub-Class Plaintiffs were "persons" and/or "consumers" entitled to the protections of the consumer-protection statutes of the state in which they contracted for and/or purchased dental services, products, and/or warranties from Allcare.

88.     At all times relevant, Allcare was engaged in "advertising" and/or "sales" and/or "trade or commerce" of "merchandise" and/or "services" and/or "consumer products or services" directly and/or indirectly affecting the people of the state in which the State-Law Sub-Class Members contracted for and/or purchased dental services, products, and/or warranties from Allcare.

89.     At all times relevant, Defendants engaged in deceptive acts, practices, fraud, false pretenses, false promises, and misrepresentation, with the intent that the State-Law Sub-Class Plaintiffs and the Putative State-Law Sub-Class Members rely thereon in connection with the sale or advertisement of Defendants' services and products. Specifically, the Defendants, among other things:

a.  Continued to advertise, schedule, and accept payment for dental services, products, and/or warranties that it knew it would never provide;

b.  Maintained the fiction that Allcare would be open for business in 2011;

c.  Maintained the fiction that State-Law Sub-Class Plaintiffs and the Putative State-Law Sub-Class Members would receive the dental services, products, and/or warranties for which they had paid and to which they were entitled; and

d.  Encouraged and facilitated credit and financing for dental services, products, and/or warranties for State-Law Sub-Class Plaintiffs and the Putative State-Law Sub-Class Members for dental services, products, and/or warranties which Defendants knew they would not provide.

90.  As a direct and proximate result of Defendants' acts, the State-Law Sub-Class Plaintiffs and the Putative State-Law Sub-Class Members have suffered ascertainable losses of money and/or property.

91.  The State-Law Sub-Class Plaintiffs and Putative State-Law Sub-Class Members either provided notice to Allcare of the claims alleged herein, or were otherwise prevented from doing so by Allcare's conduct, including the sudden, simultaneous closure, without notice, of all of Allcare's locations such that any attempt to provide notice would have been futile.

92.  Defendants knowingly engaged in the unlawful and deceptive sales and advertising alleged herein such that the State-Law Sub-Class Plaintiffs and the Putative State-Law Sub-Class Members are entitled to up to three times the actual damages proven and an order that the State-Law Sub-Class Plaintiffs and the Putative State-Law Sub-Class Members recover costs, disbursements, and actual reasonable attorneys' fees incurred in this action.

**REQUEST FOR RELIEF**

Plaintiffs, individually, and on behalf of all others similarly situated, and the Classes, pray for judgment against Defendants, jointly and severally, as follows:

a.    For an order certifying the Class under Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3), and appointing Plaintiffs as representatives of the Class, and appointing Nicholas A. DiCello, Esq., Stuart E. Scott, Esq., William B. Eadie, Esq., the law firm of Spangenberg Shibley & Liber LLP, as counsel for the Class;

b.    For all recoverable compensatory, statutory, and other damages sustained by Plaintiffs and the Class;

c.    For costs;

d.    For both pre-judgment and post-judgment interest on any amounts awarded;

e.    For appropriate injunctive and declaratory relief;

f.    For payment of attorneys' fees and expert fees as may be allowable under applicable law;

g.    For treble damages as may be allowable under applicable law;and

h.    For such other relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiffs, individually, and in Plaintiffs' capacity as Class Representatives on behalf of the afore-described Class, hereby demand a trial by jury.

BRIAN ALAN GOLDSTEIN  (NYS Bar No. 2715019)
CELLINO & BARNES, P.C.
350 Main Street, 25th Floor
2500 Main Place Tower
Buffalo, NY  14202-3750
(716) 854-2020
(716) 854-6291 (FAX)
*brian.goldstein@cellinoandbarnes.com*
***Local Counsel for Plaintiffs***

NICHOLAS A. DICELLO (OH #0075745)
STUART E. SCOTT (OH # 0064834)
WILLIAM B. EADIE (OH # 0085627)
(*Pro Hac* Motion Forthcoming)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (FAX)
*ndicello@spanglaw.com*
*sscott@spanglaw.com*
*weadie@spanglaw.com*

**Counsel for Plaintiffs**